IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LISA STEWART, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CAUSE NO. 1:18-cv-1796 |
| CITY OF CARMEL, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Lisa Stewart, for her Complaint against Defendant, City of Carmel, states the following:

### I. Parties

1. Plaintiff is a resident of Hamilton County, Indiana.

2. Defendant is a public entity in Hamilton County, Indiana.

### II. Jurisdiction and Venue

3. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claims arise under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under the ADA and its amendments and the Rehabilitation Act.

4. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendant's doing business in this District.

### III. Factual Allegations

5. Plaintiff began working for Defendant in the Planning and Zoning Department in October 2003 as a part-time employee.

6. In January 2006, Plaintiff began working for Defendant on a full-time basis.

7. For approximately eight (8) years, Plaintiff worked as an Administrative Supervisor in the Planning and Zoning Department.

8. Plaintiff's birthday is January 18th.

9. On January 18, 2017, Plaintiff's three (3) co-workers did something highly unusual, they got her a birthday gift.

10. On January 18, 2017, Plaintiff had a mammogram.

11. On January 19, 2017, Plaintiff had an ultrasound.

12 On January 24, 2017, Plaintiff had a biopsy.

13, On January 26, 2017, Plaintiff was diagnosed with cancer.

14. On February 6, 2017, Plaintiff was told she has Triple Negative Breast Cancer.

15. Plaintiff was informed that her condition could be fatal.

16. Lisa Motz, a co-worker, agreed to take Plaintiff to the doctor's office on February 6, 2017.

17. Ms. Motz stayed with Plaintiff while at the doctor's office and then drove her home.

18. Ms. Motz told Plaintiff that she would pick her up in the morning since her car had been left at the office.

19. On February 7, 2017, Plaintiff did not go into work due to her stress levels.

20. Plaintiff told Ms. Motz to go in without her.

21. On February 8, 2017, Plaintiff did go into the office.

22. On February 8, 2017, there was a meeting with the Department Director, Michael Hollibaugh, and the Director of Human Resources, Barbara Lamb.

23. At the meeting Ms. Motz informed everyone that when she has to sit by Plaintiff it makes her physically ill to her stomach.

24. Maggie Crediford and Ms. Motz have given Plaintiff the silent treatment when she is in the office.

25. Even though Plaintiff is their supervisor, Ms. Crediford and Ms. Motz no longer responded to her.

26. Ms. Crediford and Ms. Motz also informed Plaintiff that she was no longer a part of the "girl's group."

27. Plaintiff reported all of this to Mr. Hollibaugh and Human Resources.

28. Around this time, Mr. Hollibaugh instructed Plaintiff to move her cubicle to the other side of the office with her back to the rest of the office staff.

29. Mr. Hollibaugh also stopped allowing Plaintiff from eating her lunch at her desk despite the fact that other members of the department were still permitted to do so.

30. Mr. Hollibaugh also would not allow Plaintiff to earn or use compensatory time; however, the rest of the staff could do so.

31. Plaintiff started chemotherapy on February 22, 2017.

32. In the Spring of 2017 and at the urging of Human Resources, Plaintiff, Ms. Crediford and Ms. Motz, had another meeting.

33. Ms. Crediford and Ms. Motz told Plaintiff that allegedly everyone in the Department disliked her.

34. Mr. Hollibaugh and Ms. Lamb asked Plaintiff to reach out to staff members.

35. Plaintiff did so and staff members said that they had no problem with her.

36. On August 25, 2017, Mr. Hollibaugh gave Plaintiff a letter stating that the staff had lied to her and no one like her.

37. Plaintiff is disabled.

38. Plaintiff was an hourly employee of Defendant.

39. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination due to disabilities claiming she had been regarded as disabled, wrongfully terminated, failing to engage in the interactive process, failure to accommodate, and received disparate treatment during her employment due to her disability in violations of the ADA and its amendments.

40. On March 14, 2018, the EEOC issued a Notice of Right to Sue to Plaintiff.

### Count I
### Violations of Title ADAAA

41. Plaintiff incorporates paragraphs 1 through 40 by reference herein.

42. Plaintiff was discriminated against by Defendant in violation of the ADA and its amendments.

43. Plaintiff received disparate treatment due to her disability by the discriminatory conduct of Defendant.

44. Carmel violated the ADAAA by regarding Plaintiff as disabled.

45. Carmel violated the ADAAA by permitting a hostile work environment to exist.

46. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by ADAAA.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## Count II
### Violations of Section 504 of the Rehabilitation Act

47. Plaintiff incorporates paragraphs 1 through 46 by reference herein.

48. Plaintiff was discriminated against by Defendant in violation of the Rehabilitation Act.

49. Plaintiff received disparate treatment due to her disability by the discriminatory conduct of Defendant.

50. Carmel regarded Plaintiff as disabled.

51. Carmel permitted a hostile work environment to exist.

52. Defendant received federal funds and is covered by the Rehabilitation Act.

53. Plaintiff has been damaged by Defendant's conduct.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an order awarding all actual damages of Plaintiff including back pay with interest as permitted by the Rehabilitation Act.

B. Grant any and all equitable relief available to Plaintiff.

C. Enter an order awarding Plaintiff compensatory and punitive damages.

D. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred.

E. Enter an award for such other relief as may be just and appropriate.

Respectfully Submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49

## IV.   Jury Demand

54. Plaintiff incorporates paragraphs 1 through 53 by reference herein.

55. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

/s/Ronald E. Weldy
Ronald E. Weldy, #22571-49
Attorney for Plaintiff,
Lisa Stewart

Weldy Law
198 South 9th Street
Noblesville, IN 46060
Tel: (317) 842-6600
Fax: (317) 991-1284
E-mail: rweldy@weldylegal.com